UNITED STATES of America, Plaintiff,

v.

Sechk Humberto Ally MICHEL, Jose Angel Palomino, Angel M. Castillo, Javier Santander-Brid, Plinio Gil-Gil, Victor A. Fajardo, Eberto E. Ardila-Herrera, Jorge Hoayek-Martelo, Eladio Julio Blanco, Eleazar Montes-Ruiz, Fidias Prado-Rodríguez, Walter Silva-Pinches, Arcesio Vanegas-Moreno and Efrain Orozco-Villar, Defendants.

Crim. No. 84–0129CC.

United States District Court, D. Puerto Rico.

Aug. 10, 1984.

Thomas R. Lincoln, San Juan, P.R., for Sechk H. Ally Michel.

Eduardo Caballero Reyes, Hato Rey, P.R., for Jose Angel Palomino.

George Otero Calero, Bayamón, P.R., for Angel M. Castillo.

Luis A. Medina Torres, Hato Rey, P.R., for Javier Santander-Brid.

Luis Roberto Santos, Mayaguez, P.R., for Plinio Gil-Gil.

Rafael F. Robert, Santurce, P.R., for Victor A. Fajardo.

Rafael Castro Lang, San Juan, P.R., for Eberto E. Ardila-Herrera.

Francisco M. Dolz, San Juan, P.R., for Jorge Hoayek-Martelo.

Juan Casanova, Hato Rey, P.R., for Eladio Julio Blanco.

Miguel Morales, Hato Rey, P.R., for Eleazar Montes-Ruiz.

Jorge A. Miranda, San Juan, P.R., for Fidias Prado-Rodríguez.

Jose Pagán, Río Piedras, P.R., for Walter Silva-Pinches.

Benito Rodríguez, Caguas, P.R., for Arcesio Vanegas-Moreno.

Enrique Vélez, Santurce, P.R., for Efrain Orosco-Villar.

Daniel F. Lopez-Romo, U.S. Atty., by Fernando Gierbolini, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff.

## ORDER

CEREZO, District Judge.

In this fourteen-defendant criminal action for violation of 18 U.S.C. Sec. 2, 21 U.S.C. Sec. 955a(a), 955a(f) codefendants Walter Silva-Pinches and Eberto Ardila-Herrera filed a Motion for Severance on April 19, 1984 and a second Motion for Severance on June 20, 1984 to which the government replied on April 25 and June 26, 1984. They contend that their trials should be severed because their right to a speedy trial as provided by the Speedy Trial Act of 1974, 18 U.S.C. Sec. 3161, *et seq.*, and the Sixth Amendment of the United States Constitution is being jeopardized by the excludable time allowed to those defendants who have filed pretrial motions which interrupt the speedy trial clock as to them even though they do not subscribe the motions. They also state as grounds for severance that certain statements made by codefendant Sechk Humberto Ally-Michel which allegedly incriminate him will confuse the jury and prejudice their defense.

■ Our task is made heavier by the almost complete absence of legal authority in support of movants' contentions, despite the Local Rule requirement. Nonetheless, the speedy trial argument as grounds for severance is unfounded. The Speedy Trial Act's excludable periods for the resolution of pretrial motions apply to all defendants in a multi-defendant case, regardless of whether all of them joined in the pretrial motions filed. 18 U.S.C. Sec. 3161(h)(7). The only limitation on such delay is that applied also to those defendants that filed motions; that the period of delay to resolve the pending matters be a reasonable one, as that term is defined by the statute and

its caselaw. *See: United States v. Rush*, 738 F.2d 497, at 502–504 (1st Cir.1984). Codefendants' speedy trial-severance request, in reality a circular proposition such as "my rights as provided by the Act are being violated by the Act," runs amiss of the Act's legislative intent not to construe it as providing an additional ground for severance. *United States v. Novak*, 715 F.2d 810, 814–815 (3rd Cir.1983). As quoted in *Novak* the Senate Committee Report indicated that: "The purpose of the provision [section 3161(h)(7)] is to make sure that S. 754 [the Act] does not alter the present rules of severance of codefendants by forcing the government to prosecute the first defendant separately or to be subject to a speedy trial dismissal motion...." *id.* at 814; *see also: Rush*, at 503. As to the alleged constitutional right to a speedy trial being violated we find no basis in the record to apply the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972) nor have codefendants supplied the Court with any specific authorities in support of their raw constitutional argument.

■ However, as to the incriminating statements aspect of their severance request, it appears that some sort of *Bruton* situation could be present. *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In order to examine the feasibility of this argument in light of *Bruton* and its application in our Circuit, *i.e.: United States v. DiGregorio*, 605 F.2d 1184, 1189–1190 (1st Cir.1979); *United States v. Cleveland*, 590 F.2d 24, 28–30 (1st Cir.1978) and pursuant to Rule 14, Fed.R. Civ.P., the government is ORDERED to deliver to the Court in a sealed envelope for *in-camera* inspection any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial. Said sealed envelope shall be filed within ten (10) days after notice of this order and shall remain sealed thereafter until further written order by the Court. The ruling on this aspect of codefendants Ardila-Herrera and Silva-Pinches' motion shall be held in abeyance

pending the filing of these documents and their review *in camera*.

SO ORDERED.